UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARREN RHOADS, Trustee of the
Warren Rhoads Trust,

       Plaintiff,                       Case No. 1:08-cv-738

v.                                         HON. JANET T. NEFF

UNITED STATES DEPARTMENT
OF TREASURY,

       Defendant.
_____/

**OPINION AND ORDER**

Plaintiff filed this action to quiet title to certain Berrien County, Michigan real property, which Plaintiff acquired through county tax forfeiture and foreclosure proceedings, and which Defendant claims remains subject to federal tax liens.[1] Pending before the Court is Defendant's Motion for Summary Judgment. For the reasons that follow, the Court determines that Defendant's Motion is properly granted.

A motion for summary judgment is properly granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Slusher v. Carson,* 540 F.3d 449, 453 (6th Cir. 2008); *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th

---

[1] Plaintiff filed this action in Berrien Circuit Court. Defendant removed the case to this Court.

Cir. 2005). The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact as to at least one essential element of the plaintiff's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Harrison v. Ash,* 539 F.3d 510, 516 (6th Cir. 2008). "Once the moving party supports its motion for summary judgment, the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Slusher,* 540 F.3d at 453 (citing FED. R. CIV. P. 56(e)).

The court must ultimately determine whether the state of the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Slusher,* 540 F.3d at 453 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252.

Plaintiff does not dispute the facts as summarized by the United States. The County of Berrien acquired the real property at issue through County tax forfeiture and foreclosure proceedings (Compl. ¶ 3; Ex. B., Dkt 1-2 at 12-13). In 2000, 2001, and 2004 – before the County foreclosed on the property – the Internal Revenue Service (IRS) recorded federal tax liens totaling over $142,254 on the property (Compl. ¶¶ 5-6; Ex. D, Dkt 1-2 at 18-20). All of the federal tax liens were for unpaid taxes owed by Steven and Sandra Figlus; Steven Figlus had an apparent ownership interest in the property (Compl. ¶¶ 5-6).

On December 13, 2005, the IRS received a Notice of Show Cause Hearing and Judicial Foreclosure Hearing from the County (Decl. of Alexander Adkins, Dkt 40, Ex. A). On January 10, 2006, the IRS notified the County that the notice was inadequate and identified each area in which the IRS required additional information (*id.*, Ex. B). Despite sending this Notice of Inadequacy, the

IRS has no record that it ever received the information it requested from the County. Instead, the County proceeded with the tax foreclosure sale, and on July 18, 2006, plaintiff purchased the property for $31,000 (Compl. ¶¶ 2-3).

Defendant contends that before foreclosing on the subject real property and selling it to Plaintiff, the Berrien County Treasurer failed to properly join the United Stated as a party or notify the IRS in accordance with the requirements of 26 U.S.C. § 7425 and the applicable federal regulations and IRS publications. Defendant further asserts that (1) the IRS provided Berrien County with notification of the inadequacies in the County's notice under § 7425; (2) there is no evidence that Berrien County corrected the deficiencies in notice as required; thus, (3) the property at issue is still subject to the federal tax liens.

Section 7425 outlines the manner in which a federal tax lien may be discharged. *Rimco Acquisition Co. v. Johnson,* 68 F. Supp. 2d 793, 797 (E.D. Mich. 1999). Under § 7425, if the United States is not joined as a party or proper notice of a sale of property is not provided to the IRS, the sale is "made subject to and without disturbing" the United States' tax lien. 26 U.S.C. § 7425(a)(1) and (b)(1). It is undisputed that the United States was not joined as a party so as to comply with requirements for the discharge of liens under § 7425(a) for "judicial sales." Plaintiff further concedes that the requirements of the federal statute and regulations with regard to notice were apparently not met in this case (Pl's. Am. Br., Dkt 43 at 7); thus, noncompliance with the requirements under § 7425(b) for "nonjudicial sales" is also undisputed.[2]

---

[2]The Court therefore need not decide whether the tax foreclosure sale constitutes a "judicial" or "nonjudicial" sale.

The courts have generally recognized that strict adherence to the statutory procedures for discharging a federal lien is required. *A. H. and R. S. Coal Corp. v. United States,* 461 F. Supp. 752, 756 (W.D. Pa. 1978); *Peoples Bank & Trust v. Elford,* No. 86-1087, 1987 WL 11273, at *4-5 (W.D. Tenn. February 13, 1987); *Baum v. United States,* No. 72 Civ. 3932, 1974 WL 552, at *2 (S.D.N.Y. April 24, 1974). Plaintiff provides no persuasive argument or authority for holding otherwise or to conclude that state law conveying absolute and fee simple title to Plaintiff extinguished the federal tax lien by operation of law. *Cf. Metropolitan Life Ins. Co. v. United States,* 107 F.2d 311, 314 (6th Cir. 1939), *cert. denied* 310 U.S. 630 (1940) ("The right of the plaintiff to a release of the lien here in question is purely statutory and the jurisdiction of the Court may not be enlarged by implication").

The Court concludes that the federal tax liens on the subject property were not discharged, and Defendant is therefore entitled to Summary Judgment in this action to quiet title. The Court declines to further decide the extent of the property interest affected by the lien, in response to Plaintiff's contention that the liens attached only to Steven Figlus' one-quarter interest in the subject real property. This issue is not properly before the Court, and in any event, the record is not sufficiently developed to make this determination.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Dkt 36) is GRANTED.

A Judgment consistent with this Opinion and Order will be entered.

DATED: April 14, 2010                             /s/ Janet T. Neff
                                                                         JANET T. NEFF
                                                                         United States District Judge